## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAMON COLON COLON**<br><br>*Plaintiff*<br><br>V.<br><br>**UNITED STATES OF AMERICA, et al.**<br><br>*Defendants* | CIVIL NO. 24-1432<br><br><br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW** the plaintiff, through the undersigned counsel, and pursuant to this Honorable Court, respectfully **STATES, ALLEGES** and **PRAYS:**

### I. THE PARTIES

1.   Plaintiff, **RAMON COLON COLON** is a citizen and resident of the District of Puerto Rico of legal age, married, and resident of Ciales, Puerto Rico. His physical and postal address is **HC- 01 6315, Ciales Puerto Rico, 00638***;* His phone number is (939) 439-0565. **RAMON COLON COLON** is suffering the damages alleged herein and for which compensation is sought.

   2.   Defendant, **UNITED STATES OF AMERICA**, is a party in this action pursuant to 28 U.S.C. §1346(b).

1

3.     Co-Defendants, **COMPANY ABC and CORPORATION XYZ**, are the fictitious names of any Company/Corporation/Partnership/Subsidiary that upon Plaintiff belief, is organized under the laws of Puerto Rico, or any other recognizable jurisdiction, that, at all relevant times herein, may have had in full effect an insurance policy covering the legal liability of all the events claimed. The real names are unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to Plaintiff.

4.     Co- Defendants, **JOHN DOE** is any individual, legal entity, private or governmental agency, municipality or entities that may be liable to the plaintiff here, or where otherwise responsible to the facts that are reported here and are called at this time by fictitious names ignored the real, which shall be notified as soon identified.

5.     Co- Defendants; **OWNER A** is the person of the property where the Plaintiff fell, that may be liable to the plaintiff here, or where otherwise responsible to the facts that are reported here and are called at this time by fictitious names ignored the real, which shall be notified as soon identified.

## II. JURISDICTION

6.     This action is one for compensatory damages pursuant to the Federal Tort Claims Act. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1346(b).

7.     Pursuant to 28 U.S.C. §§ 2401(b), 2675 PLAINTIFF timely presented an administrative claim (#22-00542001A) with the appropriate United States government agency, the U.S. Postal Service.

8.      Jurisdiction for this action in the United States District Court arises under 28 U.S.C. §1346(b) and the Federal Tort Claims Act, 28 U.S.C. §2675(a) which provide

that a tort claim which is administratively denied or not given administrative disposition within six months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

9.    This Honorable Court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. sections 1332(a) (1), in as much as this is an action between citizens of different states and the amount in controversy exceeds TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), exclusive of costs and interests. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the events that gave rise to this cause of action occurred in the District of Puerto Rico.

### III. THE FACTS

10.    On July 24th, 2021, Mr. Colon was visiting the United States Postal Office located in 25th St 149, Ciales, Puerto Rico, 00638.

11.    While Mr. Colon was walking through the parking lot on his way to the main building, he slipped on one of the handicapped ramps leading to the office which at the time was wet.

12.    As a result of the slip the plaintiff fell thus received a strong concussion on his head, neck, back, arms, legs and wrists.

13.    Later, he was transported to the Emergency Room at Prymed Medical Care in Ciales, Puerto Rico where he received medical attention.

14.     Because of the described fall, he had terrible pain and had to procure the services of multiple other doctors. Where he was ordered X rays and several therapy sections for his left hand.

15.    Mr. Colon was not feeling well, he had strong pain and had to undergo specialized medical treatment and physical therapy because of this.

16.    Currently, Mr. Colon suffers constant wrist pain which keeps him from grabbing basic daily life objects.

17.    As a direct and proximate result of Defendants party negligence on not maintaining a clean, dry and well-constructed Handicap ramp, Plaintiff has sustained and will continue to sustain severe physical damages, emotional distress and consequential damages, and are therefore entitled to compensatory relief according to proof, and to a declaratory judgment that Defendants are liable to them for breach of their duty to the Plaintiffs due to Defendant's negligence in order to maintain a clean, dry and well-constructed Handicap ramp, and in not keeping good quality conditions near the surrounding area.

18.    The Handicapped ramp of the Post Office located in 25 CARR 149 CIALES, PR 00638-9998, was on no walkable condition; it was dirty, wet, and had very slippery inclines, with no grip adhesive to mitigate the slide.

19.    In addition, the Handicapped ramp does not meet the International Building Code (IBC) regulations as it has too much of an inclined slope and is poorly designed and or constructed.

20.    There are no proper side gutters for water distribution and as a result of this water accumulates in between the end of the handicapped ramp and street.

21.    That Plaintiff timely presented his Administrative Tort Claim (#22-00542001A) on November 29, 2022 before the United States Postal Service.

22.    That the National Tort Claim number assigned for the aforementioned case was: NT202264732.

23.    That on September 3, 2024, the National Tort Department for the United States Postal Service denied the administrative claim.

24.    That as a result of Plaintiff's denial of his administrative tort claim, he is filing this suit before the U.S. Federal District Court of Puerto Rico pursuant to 28 U.S.C § 1346 (b) and the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

25.    Furthermore, the Plaintiff is claiming physical, mental and emotional damages by means of this suit.

26.    That the actual and proximate cause of the fall was solely and exclusively due to the Defendant's negligence, who kept an area open the public with a wet, greasy and/or dirty floor, without providing signage to patrons warning of the dangerous conditions present on the floor. This constituted a hidden danger and was known or reasonably should have been known by the Defendant.

27.    The Plaintiff will probably have a permanent impairment that will be determined during his medical treatment. Besides, this incident has substantially affected his quality of life because he can't complete his daily tasks as he could, prior to this incident.

### IV. PLAINTIFFS DAMAGES

28.    As a result of the fall, PLAINTIFF has suffered and continues to suffer mental and emotional anguishes, which has deteriorated his interpersonal relations as well as

his relations with his family and loved ones.

29.    PLAINTIFF's quality of life has been seriously deteriorated by having difficulty in undertaking daily life tasks and other leisure activities, which prior to the fall she could do without problem

30.    The monetary damages suffered by the Plaintiff, including but not limited to bodily and physical injury, pain and sufferings, mental anguish, psychological and emotional distress, loss of enjoyment of life, loss of enjoyment of activities to which they were accustomed to, and expenses, among others, all of which are the direct consequences of the Defendant's negligence, are conservatively estimated as follows:

        a)    Plaintiff **RAMON COLON COLON**, an amount of **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).**

## V. JOINT AND SEVERAL LIABILITIES

31.    Pursuant to the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendants, together with their insurance carrier must be held jointly and severally liable for all of the damages alleged in this Complaint. Defendants of the above-described acts or omissions constitute a tort under Puerto Rico Civil Code, Art. 1536, 1803, 31 LPRA, §5141, §5142.

## VI. PREJUDMENT INTEREST, ATTORNEY FEES AND COST

32.    In the event that the Defendants deny their negligence or liability in the occurrence of the events or damages caused to Plaintiff, by assuming such reckless conduct, Plaintiff is entitled to prejudgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorneys, as permitted by law.

## VII. TRIAL BY JURY

33.     Plaintiffs demand that the instant action be tried before a jury.

## VIII. MEDICARE

34.     If the plaintiffs owe any medical costs to MEDICARE due to this incident, the defendant party must pay for these costs.

## IX. RELIEF

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court a judgment against the Defendants, jointly and severally, for the damages sustained by himself, as well as the award of costs, attorney's fees, interests, and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was claimed or not.


**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this September 17, 2024.

/s/**MANUEL COBIAN ROIG**

USDC NO. 220005

Attorney for Plaintiffs

PO Box 177

Guaynabo, PR  00970

Phone (787) 402-6944

Mobile (787) 248-8933

e-mail: manuelcobianroig@gmail.com